IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

BRYAN GOYER,

    Petitioner,

v.                                                             No. 1:15-cv-01185-JDB-egb

UNITED STATES OF AMERICA,

    Respondent.

---

ORDER GRANTING MOTION TO HOLD CASE IN ABEYANCE
AND
ADMINISTRATIVELY CLOSING CASE

---

    Petitioner, Bryan Goyer, through counsel, has filed a motion to hold this case in abeyance pending the Supreme Court's certiorari decision in *United States v. Ferguson*, 868 F.3d 514 (6th Cir. 2017), *petition for cert. docketed*, *Ferguson v. United States*, No. 17-7496 (Jan. 19, 2018), and its decision in *United States v. Stitt*, 860 F.3d 854 (6th Cir. 2017) (en banc), *cert. granted*, 138 S. Ct. 1592 (2018) (No. 17-765). (Docket Entry ("D.E.") 18.) Respondent, United States of America, opposes the motion. (D.E. 19.)

    Petitioner acknowledges that, on the authority of *United States v. Priddy*, 808 F.3d 676 (6th Cir. 2015), *abrogated on other grounds by Stitt*, 860 F.3d at 856, his three Tennessee convictions for burglary under Tenn. Code Ann. § 39-14-402(a)(1), are violent felonies under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). He also acknowledges that the issues before the Supreme Court in *Stitt* and *Ferguson* do not involve burglary under § 402(a)(1). He argues, however, that the Supreme Court's decisions in those cases "could drastically change the interpretation and application of that statute under the ACCA." (D.E. 18 at PageID 66.)

The Government concedes that "the current state of the law relative to the treatment of the crime of 'burglary' as a violent felony under the Armed Career Criminal Act is in flux." (D.E. 19 at PageID 75.) It argues, nonetheless, that the motion should be denied because *Priddy* controls the outcome in this case, and Petitioner's argument that *Ferguson* and *Stitt* will affect the outcome is speculative. Respondent also points out that the Solicitor General in *Ferguson* has argued that the certiorari decision in that case should be held in abeyance pending the disposition of petitions in other cases, and pending the decision in *Stitt*.

The Court agrees with Respondent that holding this case in abeyance pending further developments in *Ferguson* is not warranted, at least at this time. However, it agrees with Petitioner that the decision in *Stitt* may, as the Solicitor General stated in asking that *Ferguson* be held in abeyance, "illuminate the proper scope of 'burglary' under the ACCA." Br. for the United States at 8, *Ferguson v. United States*, No. 17-7496 (U.S. Apr. 18, 2018). The Court notes that the Government has not argued that it would be prejudiced should Goyer's case be held in abeyance.

For these reasons, Petitioner's motion is GRANTED. This case is HELD IN ABEYANCE pending the Supreme Court's decision in *Stitt*, and is ADMINISTRATIVELY CLOSED. Either party may petition to reopen this matter after *Stitt* has been decided.

IT IS SO ORDERED this 21st day of August 2018.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE