IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

BRYAN GOYER,

    Petitioner,

v.                                                  No. 1:15-cv-01185-JDB-egb

UNITED STATES OF AMERICA,

    Respondent.

---

ORDER REOPENING CASE AND LIFTING STAY,
DENYING § 2255 PETITION,
DENYING CERTIFICATE OF APPEALABILITY,
AND
DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

---

On July 24, 2015, Petitioner, Bryan Goyer, filed a motion to vacate, set aside, or correct his sentence (the "Petition") pursuant to 28 U.S.C. § 2255.[1] (Docket Entry ("D.E.") 1.) He asserts one claim of ineffective assistance of counsel and a claim for relief under *Johnson v. United States*, 135 S. Ct. 2551 (2015). (*Id.* at PageID 4–5.) On December 12, 2017, the United States Probation Office ("USPO") prepared a revised memorandum addressing the impact on Petitioner's case by three Sixth Circuit decisions: *United States v. Priddy*, 808 F.3d 676 (6th Cir. 2015); *United States v. Stitt*, 860 F.3d 854 (6th Cir. 2017) (en banc), *rev'd*, *United States v. Stitt*, 139 S. Ct. 399 (2018); and *United States v. Ferguson*, 868 F.3d 514 (6th Cir. 2017), *petition for cert. docketed*, *Ferguson v. United States*, No. 17-7496 (Jan. 19, 2018). The Court directed Goyer "to submit his position on his *Johnson* claim in light of the USPO's memorandum." (D.E. 11 at PageID 53.) The inmate, through appointed counsel, filed a response to the USPO's

---

[1] Unless otherwise noted, all record citations are to documents filed in the instant case.

memorandum, in which he conceded that, under Sixth Circuit precedent, at least three of his state convictions qualified as predicates for an enhanced sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). He requested, however, that this case be held in abeyance pending the Supreme Court's review of *Stitt* and its certiorari decision in *Ferguson*. (D.E. 18.) The Court granted the motion in part, agreeing with the parties that the state of burglary as a predicate under the ACCA was in flux, and found, as articulated by the Government's Solicitor General in *Ferguson*, that the Supreme Court's decision in *Stitt* might broadly "'illuminate the proper scope of burglary under the ACCA.'" (D.E. 20 at PageID 79 (quoting Br. for the United States at 8, *Ferguson v. United States*, No. 17-7496 (U.S. Apr. 18, 2018)). The Court further found that there was no good cause for holding the case in abeyance pending the certiorari decision in *Ferguson*, and that the Government had not alleged that it would be prejudiced by a stay. The case was therefore held in abeyance pending the Supreme Court's *Stitt* decision, and administratively closed.

On December 10, 2018, the Supreme Court reversed the Sixth Circuit in *Stitt*, holding that burglary under the ACCA "includes burglary of a structure or vehicle that has been adapted or is customarily used for overnight accommodation." *Stitt*, 139 S. Ct. at 403-04. The Supreme Court having issued its decision in *Stitt*, the instant case is HEREBY REOPENED and the STAY IS LIFTED. For the reasons that follow, the Petition is DENIED.

## BACKGROUND

In August, 2011, Goyer was indicted by a federal grand jury of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).[2] (*United States v. Goyer*, 1:11-cr-10063-JDB-1 (W.D. Tenn.), D.E. 2.) The Defendant subsequently entered a conditional plea of guilty. (*Id.*, D.E. 36.)

In June 2012, the USPO prepared a presentence report (the "PSR"), setting forth the calculation of the Defendant's sentencing range under the United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.").[3] (PSR at 5.) The PSR assigned an adjusted offense level of 26, which was increased to 33 "[p]ursuant to [the ACCA,] 18 U.S.C. § 924(e), as the defendant's instance offense [was] charged under 18 U.S.C. § 922(g) and [he] has three prior felony crimes of violence." (*Id.* (citing U.S.S.G. § 4B1.4(b)(3)).) The enhancement was based on Goyer's numerous Tennessee burglary convictions. (PSR at 6–10.) A two-point reduction for acceptance of responsibility was applied. Based on a total offense level of 31 and a criminal history category of VI, the Guidelines imprisonment range was calculated to be 188–235 months. (*Id.* at 14.) Defense counsel did not object to the calculation. (*Id.*, D.E. 45.)

After conducting a hearing, the Court imposed a sentence of 180 months of incarceration, to be followed by four years of supervised release. (*Id.*, D.E. 50.) The Defendant took an unsuccessful direct appeal. (D.E. 87.)

The inmate's federal Petition presents the following claims:

---

[2] The Court will refer to Petitioner as "the Defendant" in its discussion of the underlying criminal case.

[3] References to the Guidelines are to the Guidelines in effect on the date of Goyer's sentencing. *See* United States Sentencing Commission, *Guidelines Manual* (eff. Nov. 2011).

**Claim 1**: "The Defendant was denied his Sixth Amendment right[] to effective assistance of counsel" by counsel's failure to anticipate the Supreme Court's decision in *Johnson*, 135 S. Ct. at 2557. (D.E. 1 at PageID 4; D.E. 1-1 at PageID 17-18.)

**Claim 2**: The Defendant's conviction and sentence are invalid after *Johnson*, 135 S. Ct. at 2557. (D.E. 1 at PageID 5.)

## DISCUSSION

A prisoner seeking to vacate his sentence under § 2255 "must allege either (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (citation and internal quotation marks omitted). A § 2255 claim that an attorney's ineffective assistance has deprived a criminal defendant of his Sixth Amendment right to counsel is controlled by the standards stated in *Strickland v. Washington*, 466 U.S. 668 (1984). To succeed on such a claim, a petitioner must demonstrate two elements: (1) "that counsel's performance was deficient" and (2) "that the deficient performance prejudiced the defense." *Id.* at 687.

As previously noted, Goyer asserts in Claim 2 of his Petition that the Supreme Court's decision in *Johnson*, 135 S. Ct. at 2557, renders his ACCA conviction unconstitutional. He maintains in Claim 1 that his defense attorney rendered ineffective assistance by failing to anticipate *Johnson*.[4] Both claims are without merit.

Under the ACCA, a person who is convicted of being a felon in possession of a firearm and who "has three previous convictions . . . for a violent felony or a serious drug offense . . .

---

[4] An attorney's "failure to raise an issue whose resolution is clearly foreshadowed by existing decisions might constitute ineffective assistance of counsel." *Lucas v. O'Dea*, 179 F.3d 412, 420 (6th Cir. 1999).

4

committed on occasions different from one another . . . shall be . . . imprisoned not less than fifteen years." 18 U.S.C. § 924(e)(1). The ACCA defines "violent felony" as:

> [A]ny crime punishable by imprisonment for a term exceeding one year . . . that . . . (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B). The first part of subsection (ii) is referred to as the "enumerated offenses" clause, while the phrase "otherwise involves conduct that presents a serious potential risk of physical injury to another" is known as the "residual clause." *Johnson*, 135 S. Ct. at 2556, 2557.

In *Johnson*, the Supreme Court held that the residual clause is unconstitutionally void for vagueness. *Id.* at 2257. Therefore, an enhanced sentence under the residual clause violates due process as guaranteed by the Fifth Amendment. *Id.* The Court made clear, however, that its "decision [did] not call into question application of the [ACCA] to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." *Id.* at 2563.

The ruling in *Johnson* does not entitle Petitioner to relief from his ACCA sentence. The first three subsections of the Tennessee burglary statute provide that,

> (a) A person commits burglary who, without the effective consent of the property owner:
>
>> (1) Enters a building other than a habitation (or any portion thereof) not open to the public, with intent to commit a felony, theft or assault;
>> (2) Remains concealed, with the intent to commit a felony, theft or assault, in a building;
>> (3) Enters a building and commits or attempts to commit a felony, theft or assault; or
>> (4) Enters any freight or passenger car, automobile, truck, trailer, boat, airplane or other motor vehicle with intent to commit a felony, theft or assault or commits or attempts to commit a felony, theft or assault.

Tenn. Code Ann. § 39-14-402(a). Goyer acknowledges that, pursuant to the Sixth Circuit's decision in *Priddy,* a conviction for burglary under any of the first three subsections of § 402(a) qualifies as a violent felony under the enumerated offenses clause of the ACCA. (D.E. 18 at PageID 64-65.) *See Priddy*, 808 F. 3d at 684-85. He also concedes that "[a]t least three" of his burglary convictions are for violations of the statute's first subsection, § 39-14-402(a)(1). (D.E. 18 at PageID 64.) Nothing in the Supreme Court's decision in *Stitt* calls into question *Priddy*'s ruling. Claim 2 is therefore DENIED.

Because *Johnson* does not impact Petitioner's ACCA status, there is no merit to the argument that defense counsel performed deficiently by failing to anticipate the ruling in that case, or that his client was prejudiced by his conduct. Accordingly, Claim 1 is also DENIED.

For all of these reasons, the Petition is DENIED.

**APPEAL ISSUES**

A § 2255 petitioner may not proceed on appeal unless a district or circuit judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2)-(3). A substantial showing is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). "If the petition was denied on procedural grounds, the petitioner must show, 'at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that

jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Dufresne v. Palmer*, 876 F.3d 248, 252-53 (6th Cir. 2017) (quoting *Slack*, 529 U.S. at 484).

In this case, reasonable jurists would not debate the correctness of the Court's decision to deny the Petition. Because any appeal by Petitioner does not deserve attention, the Court DENIES a certificate of appealability.

Pursuant to Federal Rule of Appellate Procedure 24(a), a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *Id.*

In this case, for the same reason it denies a COA, the Court CERTIFIES, pursuant to Rule 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is therefore DENIED.[5]

IT IS SO ORDERED this 28th day of January 2019.

                                                    s/ J. DANIEL BREEN
                                                    UNITED STATES DISTRICT JUDGE

---

[5] If Petitioner files a notice of appeal, he must also pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty days.