IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

BRYAN GOYER,

    Petitioner,

v.                                                                                 No. 1:15-cv-01185-JDB-jay

UNITED STATES OF AMERICA,

    Respondent.

ORDER LIFTING STAY
AND
DENYING POST-JUDGMENT MOTION

On October 29, 2019, proceedings in this case were held in abeyance pending issuance of the Sixth Circuit's decision in *United States v. Buie*, 960 F.3d 767 (6th Cir. 2020). (Docket Entry ("D.E.") 29.) The decision in *Buie* was issued on May 29, 2020. *See Buie*, 960 F.3d at 767. Accordingly, the stay is hereby LIFTED. Before the Court is the motion of Petitioner, Bryan Goyer, to alter or amend the judgment in this case pursuant to Federal Rule of Civil Procedure 59(e) or, in the alternative, for relief from judgment pursuant to Rule 60(b)(1). (Docket Entry ("D.E.") 24.) For the following reasons, the motion is DENIED.

In its order denying the 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence (the "Petition"), the Court held that Goyer remained subject to an enhanced sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA"), based on at least three prior burglary convictions under Tenn. Code Ann. § 39-14-402(a). (D.E. 22 at PageID 87.) Judgment in favor of Respondent, United States of America, was entered on January 29, 2019. (D.E. 23.)

On February 25, 2019, Petitioner filed his post-judgment motion, positing that his attorney's failure to raise two arguments regarding Tennessee's definition of burglary constituted "excusable neglect" warranting relief under Rule 59(e), or in the alternative, under Rule 60(b)(1). (D.E. 24 at PageID 93.) The arguments counsel previously neglected to present to the Court are that the Tennessee burglary statute, Tenn. Code. Ann. § 39-14-402(a), is broader than "generic" burglary as defined in *Taylor v. United States*, 495 U.S. 575, 598 (1990), because (1) it prohibits "entry" via instruments, which effectively criminalizes attempted burglary (D.E. 24 at PageID 92, 95-105) (the "entry issue"), and (2) it forbids "remaining-in" burglary where the defendant forms the intent to commit a crime *at any time* he was unlawfully in the structure or building (*id.* at PageID 92-93) (the "contemporaneous intent" issue). Goyer requested that the Court hold these proceedings in abeyance pending the United States Supreme Court's ruling on the contemporaneous intent issue in *Quarles v. United States*, 139 S. Ct. 1872 (2019), and the Sixth Circuit's consideration of the entry issue in *Buie*, 960 F.3d at 767.

On October 29, the Court granted Petitioner's request to hold the case in abeyance pending a decision in *Buie*,[1] but it denied his request as to *Quarles* because the Supreme Court's decision in that case had since been issued. (D.E. 29 at PageID 117-18.) After *Buie* was decided in May 2020, Respondent filed its response to the post-judgment motion. (D.E. 31.) The Government argues that post-judgment relief is not warranted because binding precedent forecloses Petitioner's entry and contemporaneous intent arguments.

Under Federal Rule of Civil Procedure 59(e), parties can file a motion to alter or amend a judgment within twenty-eight days of entry of the judgment. Fed. R. Civ. P. 59(e). Relief under

---

[1] Respondent joined Petitioner's request to hold the case in abeyance pending the outcome in *Buie*. (*See* D.E. 28 at PageID 115.)

Rule 59(e) is appropriate only for the following reasons: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Betts v. Costco Wholesale Corp.,* 558 F.3d 461, 474 (6th Cir. 2009) (quoting *Henderson v. Walled Lake Consol. Schs.*, 469 F.3d 479, 496 (6th Cir. 2006)). Rule 59(e) is not to be used to present "new arguments . . . that the moving party could have raised before the decision issued." *Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020) (citing 11 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2810.1, pp. 163–164 (3d ed. 2012) (Wright & Miller)).

Under Rule 60(b)(1), a district court may relieve a party from final a judgment or order on the basis of "(1) mistake, inadvertence, surprise, or excusable neglect[.]" Fed. R. Civ. Proc. 60(b)(1). "The Sixth Circuit has held that Rule 60(b)(1) should be applied 'equitably and liberally ... to achieve substantial justice.'" *White v. McKee*, No. 1:14-CV-921, 2014 WL 6686603, at *2 (W.D. Mich. Nov. 26, 2014) (quoting *Williams v. Meyer,* 346 F.3d 607, 612–13 (6th Cir. 2003)). "In deciding whether relief is warranted, three factors are relevant: (1) whether the party seeking relief is culpable; (2) whether the party opposing relief will be prejudiced; and (3) whether the party seeking relief has a meritorious claim or defense. *Williams*, 346 F.3d at 613 (holding standard applies to all Rule 60(b)(1) motions, regardless of whether the challenged judgment is a default judgment)).

"Rule 60(b) motions filed within 28 days" are commonly "treated . . . as . . . Rule 59(e) motions." *Banister*, 140 S. Ct. at 1710 n. 9 (second ellipses in original) (citing *Skagerberg v. Oklahoma*, 797 F.2d 881, 882–883 (CA10 1986) (*per curiam*) ("A post-judgment motion made within [28] days of the entry of judgment that questions the correctness of a judgment," however denominated, "is properly construed as a motion to alter or amend judgment under [Rule] 59(e)."); Fed. Rule App. Proc. 4(a)(4)(A)(vi) (providing same appeals deadline for motions denominated

Rule 60(b) motions that are filed within twenty-eight days as that provided for Rule 59(e) motions)).

The inmate in the present case filed his post-judgment motion twenty-eight days after entry of the Court's order denying the Petition, and twenty-seven days after entry of judgment. His motion is, therefore, best understood as a Rule 59(e) motion. However, Petitioner has not explained how his attorney's "excusable neglect" meets any of the criteria for granting such a motion. Even if he also means to suggest that reconsideration of the Court's order denying the Petition is necessary to prevent a "manifest injustice," *Betts*, 558 F.3d at 474, the assertion is unavailing because his entry and contemporaneous intent arguments are without merit.[2]

In *Quarles*, the petitioner challenged his enhanced sentence under the ACCA, arguing that his Michigan home invasion conviction was broader than generic burglary. *Quarles*, 139 S. Ct. at 1876. The specific question before the Supreme Court was "whether remaining-in burglary (i) occurs only if a person has the intent to commit a crime *at the exact moment* when he or she *first* unlawfully remains in a building or structure, or (ii) more broadly, occurs when a person forms the intent to commit a crime *at any time* while unlawfully remaining in a building or structure." *Quarles*, 139 S. Ct. at 1875 (emphasis in original). The Court resolved the issue in favor of the Government, holding that generic "remaining-in burglary occurs when the defendant forms the intent to commit a crime *at any time* while unlawfully remaining in a building or structure." *Id.* (emphasis in original). Goyer's contemporaneous intent argument, which is

---

[2] Even if the motion is properly regarded as a Rule 60(b)(1) request for relief from judgment, Petitioner cannot meet the requirements of that subsection. Assuming that counsel's failure to raise the entry and contemporaneous intent arguments constituted "excusable neglect," and further assuming that the Government would not be prejudiced by a grant of relief from judgment, Petitioner's entry and contemporaneous intent arguments, as will be discussed, are not "meritorious." *Williams*, 346 F.3d at 613.

4

identical to the position taken by the petitioner in *Quarles*, is, thus, foreclosed by the ruling in that case.

Petitioner's entry argument is also unavailing.  In *Buie*, the prisoner argued that Tennessee aggravated burglary[3] is not a violent felony under the ACCA because "a defendant can be convicted of aggravated burglary under Tennessee law by engaging in entry by instrument, conduct that would be considered merely attempted burglary in most states."  *Buie*, 960 F.3d at 771.  The court found that the argument was "meritless . . . under" its decision in *United States v. Brown*, 957 F.3d 679, 683–89 (6th Cir. 2020)).  *Buie*, 960 F.3d at 771.  In *Brown*, which was decided one month prior to *Buie*, the Sixth Circuit concluded that Tennessee's "entry" element was not broader than "entry" in generic burglary.  *Brown*, 957 F.3d at 689.

For all of the reasons set forth herein, Petitioner's motion to alter or amend the judgment pursuant to Rule 59(e), or, in the alternative, for relief from judgment under Rule 60(b)(1), is DENIED.

IT IS SO ORDERED this 9th day of October 2020.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

---

[3] Tennessee "[a]ggravated burglary is burglary of a habitation as defined in §§ 39-14-401 and 39-14-402."  Tenn. Code Ann. § 39-14-403.